UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> vs. ) <br> JUAN NARANJO-GARCIA ) <br> Defendant. ) <br> _____ ) | No. CR-06-096-LRS-2 <br> (CV-08-122-LRS) <br><br> **ORDER DENYING** <br> **§2255 MOTION** |

**BEFORE THE COURT** is Defendant's "Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 U.S.C.A. §2255" (Ct. Rec. 145).

The court conducts an initial review of a §2255 motion. The initial standard of review for motions under §2255 is whether:

> [I]t plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court . . . .

Rule 4(b), **Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code**. This initial review is conducted prior to the court ordering the United States Attorney to file an answer. Based on the court's initial review of Defendant's motion, it will not direct that an answer be filed by the United States Attorney and the court denies Defendant's motion.

//

//

**ORDER DENYING**
**§2255 MOTION-**            **1**

## I. BACKGROUND

Pursuant to a written plea agreement (Ct. Rec. 107), Defendant pled guilty to Count 2 of a superseding indictment charging him with Distribution Of A Mixture Or Substance Containing Cocaine in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. He was sentenced on October 18, 2007 to a term of imprisonment of eight months and to a three year term of supervised release. (Ct. Rec. 126). Although Defendant apparently has completed the term of imprisonment, the fact he is on supervised release satisfies the "custody" requirement for bringing a §2255 motion. *United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002).

Defendant contends his counsel rendered constitutionally ineffective assistance in that he failed to advise the Defendant of the consequences of a conviction (i.e., deportation) such that Defendant's guilty plea was not knowing and voluntary.

## II. DISCUSSION

Defendant must prove: (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). As to the first prong, there is a strong presumption counsel's performance was sufficiently effective. *Id.* at 689. Defendant must show his counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. As to the second prong, Defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different (i.e., a guilty plea would not have been entered). A "reasonable probability" is a "probability sufficient to undermine confidence in the proceedings. *Id.* at 694.

**ORDER DENYING**
**§2255 MOTION-                2**

A guilty plea must be a knowing and intelligent act performed with sufficient awareness of the relevant circumstances and likely consequences. In order for a criminal defendant to make an intelligent assessment of the relative advantages of pleading guilty, it is incumbent upon counsel to provide his client with necessary and accurate information. A mere inaccurate prediction, standing alone, will not constitute ineffective assistance, but "gross mischaracterization" of the likely outcome presented by a case, along with "erroneous advice" falls below the level of competence required of defense attorneys. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

An attorney's failure to advise a client of the immigration consequences of a conviction, without more, does not constitute ineffective assistance of counsel. *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003). This is because deportation is a collateral consequence, not a direct consequence of the criminal process. *Id.*, citing *Torrey v. Estelle*, 842 F.2d 234, 237 (9th Cir. 1988), and *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir. 1976). Where, however, counsel has not merely failed to inform, but has effectively misled, his client about the immigration consequences of a conviction, counsel's performance is objectively unreasonable under contemporary standards for attorney competence. *United States v. Kwan*, 407 F.3d 1005, 1015-16 (9th Cir. 2005).

The record shows Defendant's counsel neither failed to inform or effectively misled the Defendant that deportation was a potential, indeed probable, consequence of his conviction. During the change of plea hearing before the Honorable Robert H. Whaley, Defendant's counsel specifically advised the court that Defendant was not a U.S. citizen and that he had told the Defendant this would "probably impact" his ability to stay in the United States and would "probably" result in him being deported. Judge Whaley agreed with that

**ORDER DENYING**
**§2255 MOTION-**             3

1  assessment and asked the Defendant if he understood this. The Defendant
2  responded affirmatively. (Ct. Rec. 146 at p. 13).
3  　　　The balance of the plea colloquy between Judge Whaley and the Defendant
4  clearly establishes that Defendant's plea of guilty was knowing and voluntary. In
5  his own words, the Defendant stated that he had drugs on his person and sold them
6  to another individual in order to make money to buy more drugs for his personal
7  use. Asked by Judge Whaley whether had sold drugs to an undercover agent for
8  money and knew it was cocaine, the Defendant responded affirmatively. (Ct. Rec.
9  146 at pp. 13-14).
10 　　　Despite Defendant's conviction, through the efforts of his counsel, the
11 Defendant received a very favorable plea agreement which ultimately resulted in
12 him receiving a term of only eight months imprisonment on a charge carrying a
13 statutory maximum of 20 years imprisonment. Accordingly, the court finds the
14 performance of Defendant's counsel was not objectively deficient and he did not
15 render ineffective assistance to the Defendant.
16
17 **III.  CONCLUSION**
18 　　　It "plainly" appears from the face of the §2255 motion and the prior
19 proceedings in the case that Defendant is not entitled to relief. Therefore, it is not
20 necessary to direct the United States to file an answer to the motion and it is not
21 necessary to conduct an evidentiary hearing.
22 //
23 //
24 //
25 //
26 //
27 **ORDER DENYING**
28 **§2255 MOTION-                          4**

1  Defendant's "Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to
2  Title 28 U.S.C.A. §2255" (Ct. Rec. 145) is **DENIED**.

3  **IT IS SO ORDERED.** The District Court Executive is directed to file this
4  Order and provide copies to Defendant and to counsel for the United States.

5  **DATED** this   17th   day of April, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

ORDER DENYING
§2255 MOTION-                 5